Miguel Garza **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47653.

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Michael Thornell, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, John Holmes, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. After the jury returned a verdict of guilty, punishment was assessed by the court at twenty-five years.

Appellant contends that the court erred in failing to grant his motion for instructed verdict in that the evidence reflected that there was a reasonable doubt that the cause of death was the result of appellant striking deceased.

It is undisputed that on September 8, 1971, appellant struck deceased, a sixty-seven year old male, with a pipe or piece of steel. Deceased was found on the bedroom floor of his apartment on Majestic Street in Houston with blood and cuts on his head. Deceased was carried to Ben Taub General Hospital where he died on October 8, 1971.

Appellant urges that the testimony of Dr. Green, Assistant Medical Examiner of Harris County, and the hospital records and charts of the deceased reflect that there is a reasonable doubt as to whether deceased died of natural means or was a homicide victim.

Dr. Green conducted an autopsy on deceased on October 9, 1971, and his testimony regarding the cause of death reflects:

"Q. Doctor, based upon your examination—in both the internal and external examination and your previous training and experience, were you able to form an opinion as to the cause of his death?

"A. Yes, sir.

"Q. Would you tell us what that was?

"A. My opinion is that this individual died as a result of bilateral or double pneumonia which was the result of his—ultimate result of his head injuries.

"Q. Blunt trauma to the head?

"A. Blunt trauma to the head."

Appellant directs our attention to hospital charts and records of the deceased and contends that the findings of the treating doctor shown therein with respect to the cause of death are inconsistent with the findings of Dr. Green.

It is noted, however, that the report of the treating physician lists "Traumatic brain damage, extent undetermined," as a contributing factor of death.

In Wright v. State, 388 S.W.2d 703, this court said: "If the act of the defendant alleged in the indictment contributed to the death of the deceased, he is responsible though there were other concurring causes." See Turner v. State, 505 S.W.2d 558 (Tex.Cr.App.1974).

The fact that a hematoma could be caused by reasons other than a blow to the head and the possibility that deceased may have had pneumonia when he entered the hospital are of no consequence. Antwine v. State, Tex.Cr.App., 486 S.W.2d 578.

We reject appellant's contention that the court erred in rejecting his motion for instructed verdict.

Appellant contends that the court "erred in not granting Defendant's Motion for Continuance and request for the Court to appoint a physician for the Defendant, to examine the medical records and charts of deceased."

The record reflects that indictment was returned on October 15, 1971. A November 1, 1971 docket notation reflects that the case was "Reset to 2–7–72 for trial." A

February 7, 1972 docket entry recites "Reset to 4–10–72 trial." An April 10, 1972 docket entry reflects that appellant appeared with counsel (same counsel as on appeal) and "agreed resetting to 4–24–72." The docket reflects that on April 24, 1972, appellant and counsel appeared and the case was reset for September 11, 1972. Appellant's motion for continuance was filed on September 11, 1972, the date set for trial. The motion alleges that counsel for appellant had obtained the records of Ben Taub Hospital through a subpoena on September 8, 1972, and through such records learned that eleven physicians had treated the deceased and that he had spent the remainder of the afternoon in trying to reach the physicians and was unable to reach any of them. The motion further states that, in view of the fact that he has been unable to reach the treating physicians, the court should appoint a physician to examine the hospital records. The motion goes on to state that he was able to reach two named neurosurgeons who would examine the records, but both doctors were going to be out of the city for several weeks.

The motion does not set forth the names of the eleven treating physicians and their residences, or that their residences were unknown as required by Article 29.06, Vernon's Ann.C.C.P.

The record does not show that applications for subpoenas were ever issued for the witnesses. The motion for continuance was not filed until the date set for trial. The diligence required to support a motion for continuance has not been shown. Kelly v. State, Tex.Cr.App., 471 S.W.2d 65.

No affidavits were attached to the motion showing what the witnesses would testify to. No evidence was offered in support of the motion for continuance, counsel for appellant stating to the court, "we will simply let the motion speak for itself."

At the hearing on the motion for new trial, there was no showing under oath from any source as to what the "eleven treating physicians" would have testified to if called. Booth v. State, Tex.Cr.App., 499 S.W.2d 129; Glover v. State, Tex.Cr.App., 470 S.W.2d 688.

We find that the court did not abuse its discretion in overruling appellant's motion for continuance.

Appellant's argument that since he was unable to contact the treating physicians, it became incumbent upon the court to appoint a physician to examine the hospital records and charts of the deceased is clearly without merit.

The judgment is affirmed.

Opinion approved by the Court.