Tanksley v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-082-CR





NORMAN TANKSLEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 39,603, HONORABLE RICK MORRIS, JUDGE



 





PER CURIAM


 A jury found appellant guilty of two counts of burglary. Tex. Penal Code Ann.
§ 30.02 (1989). After finding that appellant had been previously convicted of four felony
offenses, the trial court assessed punishment for each count at life imprisonment. We will affirm
the conviction.

 In points of error one and two, appellant challenges the sufficiency of the evidence
to support his conviction of each count. The two counts of the indictment charged appellant with
burglarizing two separate buildings on August 24, 1990. On appeal, the court views the evidence
in the light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307 (1979); Humason v. State, 728 S.W.2d 363 (Tex. Cr. App. 1987). In addition, a
conviction based on circumstantial evidence must exclude every other reasonable hypothesis
except the guilt of the accused. Carlsen v. State, 654 S.W.2d 444 (Tex. Crim. App. 1983)
(opinion on rehearing). (1)

 Between 5:30 and 6:00 a.m. on August 24, 1990, Beverly Sedberry, a cab driver,
was dispatched to Hack's Mens Store in downtown Killeen. Appellant was standing on the corner
by Hack's when she arrived, and he asked her to pull into a nearby alley. Sedberry refused to
drive into the alley, but agreed to park next to it. From a pile of items stacked against the wall
in the alley, appellant began to carry armfuls into the back seat of the cab. Sedberry noticed that
clothing which was being loaded into her cab still had the price tags on it. When she remarked
on its newness, appellant said, "Oh, my-- my o'lady threw me out, you know, and I-- I have to
have a ride. I was waiting for my friend, you know." Sedberry asked if the items were stolen,
but appellant replied, "No, this belongs to me." Appellant claimed that all of it belonged to him.

 Just before 6:00 a.m. on August 24, Officer Carey was summoned to the
investigation of a burglary at the German Restaurant in downtown Killeen. While driving to the
restaurant, Carey noticed a cab standing by the entrance to an alley and appellant making several
trips from the side of a building to the back of the cab; appellant was picking up bundles and
putting them in the cab. As he passed, Carey saw a pile of objects stacked up against one of the
walls. The alley connected to an entrance that led to the German Restaurant.

 Deciding to investigate, Officer Carey parked his car behind the taxi. As appellant
was making another trip to the pile, Carey got out and announced that he was a police officer. 
Appellant dropped his items and ran down the alley. Carey chased appellant on foot, and Sgt.
Jenks, who joined the chase, caught appellant and took him into custody.

 Officer Carey began to investigate the origin of the property appellant was loading
into the cab. The back of the cab was full of clothing and miscellaneous items, and there were
still items against the wall. Among these, he observed some clothing, two portable radios, and
a black case. Officers identified all property recovered at the scene as belonging to either the
German Restaurant or Balfour's Mens Wear in Killeen.

 Officer Carey testified that a metal stairway leads up the back of Hack's Mens
Wear to the rooftop; from Hack's rooftop, one can walk to the rooftop of Balfour's Mens Wear,
a building in the same block. Balfour's roof was made of wood overlaid with tar. Officers Carey
and Ortiz found a hole in the roof of Balfour's which opened directly into the inside of the store. 
 

 Officer Carey found that the German Restaurant had been entered by pushing in
a plexiglass section of the front door and then replacing it.

 When Officer Carey opened the black case lying in the pile next to the building,
he found a hammer inside; adhered to the claw of the hammer was what appeared to be roofing
tar. Other items he found in the case included several sets of channel locks, pliers, and a
screwdriver with a black substance on it. The black case belonged to Erika Karp, the owner of
the German Restaurant. Karp kept the case in a storage area of the restaurant, and she kept the
hammer, screwdriver, channel locks, and pliers in a box under the counter of the restaurant. 
Margrit Galindo, who was in charge of the German Restaurant on August 24, testified that no
black substance was on either the hammer or the screwdriver when it was in the restaurant. 

 Levi Balfour, owner of Balfour's Mens Wear, testified that when he closed his shop
the night of August 23, the hole in the roof was not there. When he arrived at his store about
6:30 a.m. on August 24, he noticed the hole and found items of clothing strewn about the floor. 
Balfour saw items from his store in the taxi and in the pile, including his "boom box," suits, silk
shirts, underwear, and shoes. 

 Balfour and Karp testified that they did not give appellant permission to enter their
buildings while they were closed to the public during the night of August 23, 1990, and the
morning of August 24.

 A permissible inference of a defendant's guilt of burglary arises from his possession
of property taken in a recent burglary. Hardesty v. State, 656 S.W.2d 73 (Tex. Crim. App.
1983). To warrant this inference, the defendant's possession must be personal, recent, and
unexplained, and the defendant must distinctly and consciously assert a right to the property. 
Rodriguez v. State, 549 S.W.2d 747 (Tex. Crim. App. 1977). An inference of guilt of burglary
based on the defendant's possession of stolen goods does not arise if the stolen property is found
in a place where others had an equal right and facility of access. Id. The evidence here
showed that someone broke into Balfour's Mens Wear and the German Restaurant after they had
closed on August 23, 1990, and removed items from them; that appellant claimed ownership of
all the objects he was carrying from the pile to the taxi around 6:00 a.m on August 24; and that
police officers identified all these objects as coming from either Balfour's or the German
Restaurant. Appellant's flight from Officer Carey is also a circumstance indicating guilt. 
Hardesty, 656 S.W.2d at 78. The evidence rebuts appellant's explanation that he was moving the
property after his wife made him leave the house.

 The hypothesis that another person stole the items from the two buildings and left
them in the alley, where appellant found and took them, is based on no evidence in the record and
is not a reasonable hypothesis. Because the evidence is sufficient to sustain each conviction, we
overrule points one and two.

 In points of error three and four, appellant contends that the trial court erred in
overruling his motion for continuance and his motion for new trial based on the motion for
continuance. Appellant moved for a continuance to obtain documents from a federal suit he had
filed. 

 Appellant filed the first motion for continuance five minutes before his case was
called for trial and filed a second motion after the jury was selected and sworn. The motions for
continuance filed the day trial began do not show the diligence required to support a continuance. 
Kelly v. State, 471 S.W.2d 65 (Tex. Crim. App. 1971). 

 In his second motion for continuance, appellant alleged that he filed the federal
complaint against officers of the Killeen Police Department because he was assaulted. He alleged
that the court documents would show that he fled police officers on August 24, 1990, because he
feared another assault by Officer Paul Carey. Sufficient cause to justify a continuance must be
fully set forth in the motion. Tex. Code Crim. Proc. Ann. art. 29.03 (1989). Appellant did not
show by affidavit or evidence the specific facts he sought to prove. His averments were not
sufficient to show the materiality of the documents from the federal lawsuit. Palasota v. State,
460 S.W.2d 137 (Tex. Crim. App. 1970).

 At the hearing on appellant's motion for new trial, appellant made no showing
under oath from any source as to what the court documents would show. Gonzales v. State, 505
S.W.2d 819 (Tex. Crim. App. 1974). The trial court properly overruled appellant's motions for
continuance and new trial. We overrule points three and four.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: January 8, 1992

[Do Not Publish]
1. [1] Carlsen has recently been overruled by Geesa v. State, No. 290-90 (Tex. Crim. App. Nov.
6, 1991). Geesa's effect is limited to those cases tried after November 6, 1991.