Louis Edward Bailey v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-522-CR

LOUIS EDWARD BAILEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Louis Edward Bailey pleaded guilty to robbery, a jury assessed his punishment at sixteen years’ confinement, and the trial court sentenced him accordingly.  In two points, he claims that the trial court erred by denying his motion for continuance and motion in limine.  We will affirm.

In his first point, Bailey contends that the trial court erred by denying his motion for continuance because the motion informed the court that his lawyer was not prepared for trial in that he had been unable to arrange for character witnesses to testify for Bailey at the punishment phase of the trial.  Article 29.06 of the Texas Code of Criminal Procedure requires that the first motion for continuance by the defendant, if based on the absence of a witness, state: (1) the name of the witness and his residence, if known, or that his residence is not known; (2) the diligence used to attempt to procure the witness’s attendance; (3) the facts expected to be proved though the witness; (4) that the witness is not absent by the procurement or consent of the defendant; and (5) that the motion is not made for delay.  
Tex. Code Crim. Proc. Ann.
 art. 29.06 (Vernon 1989).  A motion for continuance is regulated by statute.  
Wright v. State
, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000).  Granting or denying such a motion is within the sound discretion of the trial court.  
Id.
 (citing 
Janecka v. State
, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 825 (1997)).  To establish an abuse of the trial court’s discretion, an appellant must show that the denial of his motion resulted in actual prejudice.  
Janecka
, 937 S.W.2d at 468.

Bailey’s motion for continuance was filed on the day of trial and failed to list the names and addresses of the witnesses he contended were absent, identifying them only as “family, acquaintances, and treating physicians.” Moreover, Bailey’s motion for continuance explained that counsel has not had sufficient time to prepare a defense for Bailey because “[d]efendant has not communicated with counsel in over a month and his whereabouts are unknown.”  Bailey did not file a motion for new trial challenging the ruling on his motion for continuance or informing the trial court of the witnesses’ names or what their testimony would have been.

The record before us does not reflect the names or addresses of the absent witnesses or what favorable character testimony they would have provided for Bailey.  Consequently, the record before us does not demonstrate an abuse of discretion by the trial court in overruling Bailey’s motion for continuance.  
See
 
Wright
,
 
28 S.W.3d at 532; 
Gonzales v. State
, 505 S.W.2d 819, 821 (Tex. Crim. App. 1974); 
Glover v. State
, 470 S.W.2d 688, 689 (Tex. Crim. App. 1971);
 see also Cates v. State
, 72 S.W.3d 681, 692 (Tex. App.—Tyler 2001, no pet.).  We overrule Bailey’s first point.

In his second point, Bailey claims that the trial court erred by denying his motion in limine, made prior to closing arguments, requesting that the State be prohibited from mentioning that Bailey chose not to show up for trial that day and was not present in the courtroom.  The trial court denied the motion in limine, and the State mentioned Bailey’s absence during its closing argument.  Bailey did not object to the State’s argument, however, so his complaint regarding the argument is waived.  
See Wilkerson v. State
,
 
881 S.W.2d 321, 326 (Tex. Crim. App.), 
cert. denied
, 513 U.S. 1060 (1994) 
(holding motion in limine does not preserve error; objection is necessary at time evidence offered).  We overrule Bailey’s second point.

Having overruled both of Bailey’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.