COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-522-CR
 
LOUIS EDWARD BAILEY           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Louis Edward Bailey
pleaded guilty to robbery, a jury assessed his punishment at sixteen years'
confinement, and the trial court sentenced him accordingly. In two points, he
claims that the trial court erred by denying his motion for continuance and
motion in limine. We will affirm.
In his first point, Bailey contends
that the trial court erred by denying his motion for continuance because the
motion informed the court that his lawyer was not prepared for trial in that he
had been unable to arrange for character witnesses to testify for Bailey at the
punishment phase of the trial. Article 29.06 of the Texas Code of Criminal
Procedure requires that the first motion for continuance by the defendant, if
based on the absence of a witness, state: (1) the name of the witness and his
residence, if known, or that his residence is not known; (2) the diligence used
to attempt to procure the witness's attendance; (3) the facts expected to be
proved though the witness; (4) that the witness is not absent by the procurement
or consent of the defendant; and (5) that the motion is not made for delay. Tex.
Code Crim. Proc. Ann. art. 29.06 (Vernon 1989). A motion for continuance is
regulated by statute. Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim.
App. 2000). Granting or denying such a motion is within the sound discretion of
the trial court. Id. (citing Janecka v. State, 937 S.W.2d 456,
468 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 825 (1997)). To
establish an abuse of the trial court's discretion, an appellant must show that
the denial of his motion resulted in actual prejudice. Janecka, 937
S.W.2d at 468.
Bailey's motion for continuance was
filed on the day of trial and failed to list the names and addresses of the
witnesses he contended were absent, identifying them only as "family,
acquaintances, and treating physicians." Moreover, Bailey's motion for
continuance explained that counsel has not had sufficient time to prepare a
defense for Bailey because "[d]efendant has not communicated with counsel
in over a month and his whereabouts are unknown." Bailey did not file a
motion for new trial challenging the ruling on his motion for continuance or
informing the trial court of the witnesses' names or what their testimony would
have been.
The record before us does not
reflect the names or addresses of the absent witnesses or what favorable
character testimony they would have provided for Bailey. Consequently, the
record before us does not demonstrate an abuse of discretion by the trial court
in overruling Bailey's motion for continuance. See Wright, 28
S.W.3d at 532; Gonzales v. State, 505 S.W.2d 819, 821 (Tex. Crim. App.
1974); Glover v. State, 470 S.W.2d 688, 689 (Tex. Crim. App. 1971);
see also Cates v. State, 72 S.W.3d 681, 692 (Tex. App.--Tyler 2001, no
pet.). We overrule Bailey's first point.
In his second point, Bailey claims
that the trial court erred by denying his motion in limine, made prior to
closing arguments, requesting that the State be prohibited from mentioning that
Bailey chose not to show up for trial that day and was not present in the
courtroom. The trial court denied the motion in limine, and the State mentioned
Bailey's absence during its closing argument. Bailey did not object to the
State's argument, however, so his complaint regarding the argument is waived. See
Wilkerson v. State, 881 S.W.2d 321, 326 (Tex. Crim. App.), cert. denied,
513 U.S. 1060 (1994) (holding motion in limine does not preserve error;
objection is necessary at time evidence offered). We overrule Bailey's second
point.
Having overruled both of Bailey's
points, we affirm the trial court's judgment.
 
                                                                   
PER CURIAM
PANEL F: WALKER, LIVINGSTON, and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered March 20, 2003]

1. See Tex. R. App. P. 47.4.