Albert Lee HEMPHILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 47464.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

John L. Foster and Wayne D. Meissner, Austin, for appellant.

Robert O. Smith, Dist. Atty., Stephen H. Capelle, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction of murder with malice in which the punishment was assessed at 10 years' confinement.

In two grounds of error appellant contends that the evidence is insufficient to support the verdict since there is no evidence that at the time of the offense appellant had the intent to kill, nor is there any evidence of malice.

The evidence on the trial was given by five witnesses, all placed on the stand by the State. A pathologist who performed an autopsy testified that deceased died as a result of a wound caused by a small bullet entering the body at the left side of the chest wall, penetrating the left lobe of the lung and the aorta, causing loss of blood into the chest wall from the perforated dorsal aorta.

Officer Odom testified that, armed with an arrest warrant, he arrested appellant on June 24, 1972, hiding in an attic in a residence in Austin.

The mother of deceased testified that about 6:30 P.M. on April 27, 1972, her son, 17 years old, left the house with his friend Forrest Tribue to play basketball. After the shooting she identified the body of her 17 year old son at the mortuary.

Forrest Tribue testified that as he and deceased were walking on their way to play basketball, on the evening of April 27, 1972 they saw appellant ahead of them walking toward them. As he got near them, Tribue asked appellant where he was going, but he made no reply. He came toward them, and started pointing at them. He had a jacket over his arm, and Tribue did not see a pistol in his hand. Deceased said to appellant "Quit playing," and Tribue turned to walk off, and heard "something go off." He asked deceased if he was hit, and, upon getting an affirmative reply, ran to a nearby residence and called for an ambulance. Deceased fell to the ground. Appellant told Tribue that he, also, had called for an ambulance. Appellant asked Tribue, "What do we do now, man," to which Tribue said, "I don't know." The appellant "just got afraid, and ran."

The deceased was unarmed, as was Tribue. There was no argument between them and appellant; in fact they had been friends. Tribue testified on cross-examination that it was not for him to judge whether this was an accident.

On cross-examination of investigating Officer Spain, appellant placed in evidence a written statement made by him to the officers after arrest. This statement describes the shooting as follows:

"On 4–27–72, I was walking on Pennsylvania near Kealing Junior High School and saw two dudes I know as Forrest and *Mathew,* this would be *Mathew* L. Thompson and Forrest Tribue. I called to them saying: '*Mathew,* Forrest, where you all going?' They said: We are going to Lott Park to get loaded.

"At this time I had a gun in my right hand. It was a 25 automatic. I had gotten this gun from a dude named Perry Dixon. I was just playing and I pointed the gun at Forrest, and then I pointed it at *Mathew* and it went off. I told Forrest to go call for help. I then asked Forrest, what am I going to do man and Forrest said I don't know. I then said, man I'm scared and I am going to run up to the house.

"I ran to 1805 East 13th Street and I told my mother and wife what had happened, and I told my mother I was going to give myself up and my mother said no, they are going to give you life.

"So I went to Corpus Christi and stayed at my Aunt Willie May Bells. The next day after I shot *Mathew,* Perry Dixon came over and I gave the gun back to him."

■ The evidence reflects that appellant, armed with a pistol, pointed it first at Tribue, then at deceased, and that the pistol fired, causing the death of deceased. He then became afraid and ran, and thereafter left Austin and went to Corpus Christi. Two months later, he was arrested while hiding in an attic in Austin. The issue of an accidental firing,[1] if such was raised, was injected in the case by the statement of appellant placed in evidence by him, and thus not binding on the State. The jury trying a case is authorized to accept or reject any portion of a witness' testimony, and reject the remainder. Pope v. State, Tex.Cr.App., 505 S.W.2d 556. Article 45, Vernon's Ann.P.C., provides that "the intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act." A .25 automatic pistol, when used as a shooting weapon, is a deadly weapon per se. Machado v. State, Tex.Cr.App., 494 S.W.2d 859; Walker v. State, Tex.Cr.App., 440 S.W.2d 653. Cf. Hargrove v. State, Tex.Cr.App., 501 S.W. 2d 878. The intent of a defendant may always be ascertained or inferred from the means used and the wounds inflicted. Walker v. State, supra; Dominguez v. State, Tex.Cr.App., 445 S.W.2d 729. It is a question of fact to be determined by the trier of facts from all the facts and circumstances in evidence.

■ The issue of whether adequate cause, which means such cause as would commonly produce in a person of ordinary temper that degree of anger, rage, resentment or terror sufficient to render the mind incapable of cool reflection, existed at the time of the shooting, is to be determined by the jury. Proof that the appellant deliberately pointed a deadly weapon at deceased and shot him is sufficient to authorize the jury to find malice. Newman v. State, Tex.Cr.App., 501 S.W.2d 94; Taylor v. State, Tex.Cr.App., 470 S.W.2d 693; Turner v. State, Tex.Cr.App., 505 S. W.2d 558.

■ Furthermore, the evidence of the flight of appellant from the scene of the shooting, and to Corpus Christi, and of his attempt to conceal himself in an attic when the officers came to arrest him, are cir-

---

1. The court charged on accidental shooting.

cumstances to be considered along with the other evidence in determining his intent and acting with malice. Machado v. State, supra; Waters v. State, Tex.Cr.App., 491 S.W.2d 119.

Appellant's grounds of error numbers one and two are overruled.

The judgment is affirmed.

Opinion approved by the Court.