# NO. 12-12-00424-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAFAEL ORTA, JR.,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 159TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rafael Orta, Jr. appeals his conviction for capital murder, for which he was assessed a sentence of imprisonment for life without parole. Appellant raises one issue challenging the legal sufficiency of the evidence supporting the conviction. We affirm.

## BACKGROUND

Appellant was charged by indictment with capital murder and pleaded "not guilty." The matter proceeded to a jury trial.

The evidence at trial showed that on February 7, 2012, Appellant and four other men went to the home of a drug dealer, Robert Darnell Bennett, to rob him at gunpoint. In the course of the robbery attempt, one of the men shot Bennett twice in the torso, killing him.

Ultimately, the jury found Appellant "guilty" of capital murder. The trial court assessed his punishment at imprisonment for life without parole. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is legally insufficient to support a finding that any of the men intended to kill Bennett. He alternatively argues that even if the

shooter intended to kill Bennett, the evidence against Appellant is insufficient because it fails to show that he knew of the shooter's intent.

**Standard of Review and Governing Law**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To prove Appellant guilty of capital murder by conspiring to rob Bennett, the State was required to prove that he conspired to rob Bennett; that during the attempt, a conspirator intentionally killed Bennett; that the killing was in furtherance of the robbery; and that Appellant should have anticipated the killing. *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (West 2011); TEX. PENAL CODE ANN. § 7.02(b) (West 2011).

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

**Analysis**

Intent is a fact question to be resolved by the trier of fact based on all of the facts and circumstances in evidence. *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex. Crim. App. 1974). "The jury may infer the intent to kill from the use of a deadly weapon unless it would not be reasonable to infer that death or serious bodily injury could result from the use of the weapon." *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Intent may also be inferred from the wounds inflicted. *Hemphill*, 505 S.W.2d at 562.

Viewed in the light most favorable to the jury's verdict, the evidence in this case shows that Appellant and his associate Jacob Woodard began planning to rob Bennett while at Appellant's house. Appellant, Woodard, and three others then drove to two different places and obtained weapons for use in the robbery: a rifle and a .45-caliber pistol. Both guns were loaded. Once at Bennett's house, Appellant and Woodard called Bennett to tell him that they were there. Appellant and three other men exited the vehicle and approached the house. Some of the men wore masks and gloves. Woodard went inside the fenced area carrying the pistol. The other men heard a gunshot, ran back to the vehicle, and fled the scene. None of the men called for help. Bennett was subsequently found dead with his left pants pocket pulled out. He had been shot twice, once from outside the residence and once from inside. One of the bullets entered Bennett's left side and traveled through his spleen and kidney. The other bullet entered Bennett's torso near the armpit area and traveled through his lung and heart. Both gunshot wounds were potentially fatal.

The jury could have reasonably inferred from Woodard's use of a deadly weapon that he intended to kill Bennett. *See Jones*, 944 S.W.2d at 647. It could have further inferred this intent from the fact that he was shot more than once, and from the fact that both shots were potentially fatal. *See Hemphill*, 505 S.W.2d at 562. The State had no burden to show that Appellant intended to kill Bennett, or that he knew of Woodard's intent, but simply that the murder was committed in furtherance of the robbery and should have been anticipated as a result of carrying it out. *See* TEX. PENAL CODE ANN. § 7.02(b). Appellant concedes that the evidence shows he conspired to rob Bennett. Appellant should have anticipated that an intentional murder might occur in furtherance of the conspiracy to rob the drug dealer at gunpoint. *See Whitmire v. State*, 183 S.W.3d 522, 526-27 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd) (murder resulting from armed robbery of drug dealer is "perfectly foreseeable").

3

Based on our review of the record, we conclude that a rational trier of fact could have found Appellant guilty beyond a reasonable doubt. We therefore hold that the evidence is sufficient to support the jury's verdict. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered January 8, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 8, 2014**

**NO. 12-12-00424-CR**

**RAFAEL ORTA, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2012-0233)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J..*

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 159TH DISTRICT COURT OF ANGELINA COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 5th day of January, 2014 , the cause upon appeal to revise or reverse your judgment between

**RAFAEL ORTA, JR., Appellant**

**NO. 12-12-00424-CR; Trial Court No. 2012-0233**

By *per curiam* opinion.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the xx day of January, 2014.

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
Chief Deputy Clerk