ACCEPTED
06-14-00140-cr
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/16/2015 3:12:21 PM
DEBBIE AUTREY
CLERK

In the
Court of Appeals for the
Sixth District of Texas at Texarkana

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/16/2015 3:12:21 PM

DEBBIE AUTREY
Clerk

| | | |
|---|---|---|
| **Donny Joe Curry,** | § | |
| Appellant | § | |
| | § | |
| v. | § | **Nos. 06-14-00140-CR** |
| | § | **06-14-00141-CR** |
| **The State of Texas,** | § | **06-14-00142-CR** |
| Appellee | § | |

Trial Number  CR1301628, CR1301627, and CR1301625 in the
The County Court at Law No. 1 of Hunt County
The Honorable F. Duncan Thomas, Judge Presiding

———————————

STATE'S BRIEF

———————————

**Greg Willis**
County Attorney *Pro Tem*
Hunt County, Texas

*Oral argument is requested if
Appellant also requests argument*

**Claire D. Miranda**
Special Prosecutor
2100 Bloomdale Rd., Suite 200
McKinney, TX 75071
(972) 548-4323
FAX (214) 491-4860
State Bar No. 24037121
cmiranda@co.collin.tx.us

# Table of Contents

Index of Authorities.................................................................................. iii

Statement Regarding Oral Argument ........................................................1

Statement of the Case ................................................................................1

Statement of Facts.....................................................................................1

Summary of the State's Arguments...........................................................6

Argument & Authorities ............................................................................7

**Issue One** ( Sufficiency of the Evidence; Failure to Identify ) **.................7**

> The evidence is sufficient to sustain Appellant's
> conviction for failure to identify.  Appellant was
> lawfully detained by the police and refused to
> give his name after the peace officer asked for
> that information.

I.  Standard of Review .................................................................................7

II.  The State proved that Appellant was guilty of Failure to
Identify...................................................................................................8

    A.    Appellant was lawfully detained ........................................8

    B.    Appellant intentionally refused to give his name ............10

**Issues Two, Three and Four** (Punishment outside the applicable
range)**...............................................................................................13**

> Appellant was properly sentanced within the
> applicable range of punishment.

I.  Standard of review ................................................................................13

II. Appellant was sentanced properly within the applicable range of punishment on all Class C offenses ...........................13

Prayer ......................................................................................16

Certificate of Service ..............................................................17

Certificate of Compliance .......................................................17

# Index of Authorities

**Statutes, Codes, and Rules**

Tex. Penal Code

§ 6.03(a) ...................................................................................... 10

§ 38.02(a) ..................................................................................... 8

§ 38.02(c)(1) ................................................................................. 8

§12.23 ......................................................................................... 13

Tex. R. App. P. 23 ........................................................................ 14

U.S. Const. amend. IV ................................................................. 8

**Cases**

*Arizona v. Johnson,*
  555 U.S. 323 (2009) ................................................................... 9

*Asberry v. State,*
  813 S.W.2d 526 (Tex. App.—Dallas, 1991) ............................... 14

*Brooks v. State,*
  323 S.W.3d 893 (Tex. Crim. App. 2010) .................................... 7

*Ex parte Rich,*
  194 S.W.3d 508 (Tex. Crim. App. 2006) .................................... 13

*Hemphill v. State,*
  505 S.W.2d 560 (Tex. Crim. App 1974) ..................................... 10

*Jackson v. Virginia,*
  443 U.S. 307 (1979) ........................................................................ 7

*Mizell v. State,*
  119 S.W.3d 804 (Tex. Crim. App. 2003) .......................................... 13

*Montgomery v. State,*
  369 S.W.3d 188 (Tex. Crim. App. 2012) ......................................... 7, 8

*Navarette v. California,*
  134 S.Ct. 1683 (2014) ...................................................................... 9

*Overshown v. State,*
  329 S.W.3d 201 (Tex. App.—Houston [14th Dist.] 2010).................... 9

*Whren v. United States,*
  517 U.S. 806 (1996) ......................................................................... 9

## Statement Regarding Oral Argument

The State does not believe oral argument will assist the Court in resolving the issues in this case. However, if oral argument is granted to Appellant, the State requests the opportunity to respond.

## Statement of the Case

Appellant pleaded not guilty before the Court and the Court returned the following verdicts:

| Offense | Cause No. | Class | Verdict | Punishment |
|---------|-----------|-------|---------|------------|
| Fail to ID | CR13001628 | C | Guilty | $250 fine |
| FMFR | CR1301625 | C | Guilty | $250 fine |
| No Inspection | CR1301627 | C | Guilty | $250 fine |

## Statement of Facts

On August 26, 2013, Officer Samantha Manrique of the Commerce police department was on routine patrol on Highway 24 in Commerce, Hunt County, Texas 9 RR 63. At approximately 4:00 pm., Officer Manrique observed Appellant's car swerve to the left, nearly striking the median and causing an accident, before heading through an intersection. 9 RR 63. Appellant's car had a broken taillight and a homemade paper license plate. 9 RR 63. Due to these traffic violations, Officer Manrique signaled for Appellant to pull over by

1

activating the overhead lights on her patrol car, and she performed a traffic stop of Appellant's car. 9 RR 64.

When she approached the driver side window, Officer Manrique noted Appellant also had a handmade registration sticker and handmade paper inspection sticker that matched his "license plate". 9 RR 67; 12 RR 39-40. Officer Manrique asked for Appellant's driver's license. 9 RR 64-65 Appellant stated he had no driver license and no insurance. 9 RR 64-65 During her detention of Appellant, Officer Manrique asked Appellant's name. 9 RR 64-65 Appellant responded that his first name was "Donny" and stated he did not wish to give his last name as it was a family name. 9 RR 64-65. Appellant refused to give any further identifiers. 9 RR 70-71. After speaking with him further, Appellant handed Officer Manrique paperwork purporting to explain why he did not need to have a driver license, insurance, or license plate. 9 RR 66. The paperwork did not provide any identifying information. 9 RR 70-71. Appellant told Officer Manrique he was a sovereign citizen. 9 RR 66. Due to a concern about sovereign citizens' proclivity toward violent behavior, Officer Manrique called her lieutenant for backup. 9 RR 66, 122-123.

Officer Manrique had to give dispatch a full description of the vehicle, as she could not identify the driver from his own statements or his "license plate". 9 RR 66 Lieutenant Mike Pehl and Sergeant Steve Scott arrived on scene as backup. 9 RR 68. Manrique told Lieutenant Pehl that Appellant identified himself as a sovereign citizen. 9 RR 125-126. Lieutenant Pehl was aware through training and experience that sovereign citizens believe in a totally different form of government that derives from the law of man and the law of the land, rather than from the constitution. 9 RR 124-125. Lieutenant Pehl and Sargent Scott, both wearing police identification on their clothing, approached Appellant's car and Lieutenant Pehl asked Appellant to identify himself. 9 RR 127. Lieutenant Pehl identified himself as a peace officer to Appellant. 9 RR 128. He informed Appellant that Appellant had to identify himself to a peace officer or he was in violation of the law. 9 RR 127-128. Appellant refused to identify himself but told Lieutenant Pehl he wanted to show him something. 9 RR 127-129 Appellant then reached into the top of his briefcase. 9 RR 128-129. Due to his fear about sovereign citizens' potential for violent behavior, Lieutenant Pehl drew his

3

weapon from his holster and told Appellant to show him his hands. 9 RR 128. Appellant pulled his hands from the briefcase, Lieutenant Pehl holstered his weapon and grabbed Appellant's arm to pull Appellant from the car. 9 RR 128. Lieutenant Pehl pulled on Appellant's arm several times but was not able to pull Appellant from the car. 9 RR 128-129. Lieutenant Pehl asked Officer Manrique for her Taser, which Manrique handed to him, and told Appellant he would tase him if he did not step out of the vehicle. 9 RR 129. Appellant continued to refuse. 9 RR 129. Lieutenant Pehl then tased Appellant. 9 RR 129.

Lieutenant Pehl continued trying to get Appellant out of the car, this time from the passenger's side, but Appellant locked his arms on the steering wheel in resistance. 9 RR 97. Lieutenant Pehl tased Appellant a second time, this time in his side, to try and get Appellant compliant and was ultimately successful in pulling Appellant bodily from the car. Once outside, Appellant continued to flail about screaming. 9 RR 69-70, 129-130. Lieutenant Pehl held onto Appellant's torso area and was able to secure one handcuff. 9 RR 69-70, 129-170. Sergeant Scott had to secure the other handcuff

4

on Appellant.   9 RR 69-70.  Appellant was placed into custody at that time.  9 RR 69-70.  Lieutenant Pehl located identifying paperwork in Appellant's car after the arrest.  9 RR 82.

## Summary of the State's Arguments

*State's Reply to Issue One*

The evidence is sufficient to sustain Appellant's conviction for failure to identify. Appellant intentionally refused to give his name while he was lawfully detained and after officers requested that information.

*State's Reply to Issues Two, Three, and Four*

Appellant was sentenced properly within the range of punishment for all Class C convictions.

**Issue One**
(Sufficiency: Failure to Identify)

> The evidence is sufficient to sustain the conviction.

The evidence is sufficient to sustain Appellant's conviction for failure to identify. Appellant was lawfully detained by the police and refused to give his name after Officer Manrique and Lieutenant Pehl requested that information.

## I. Standard of review

In a sufficiency review, the appellate court views the evidence in the light most favorable to the prosecution and determines whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality & concurring opinions). The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury. *Montgomery v.*

*State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The duty of the reviewing court is simply to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When the reviewing court is faced with contradicting inferences, the court must presume that the jury resolved any such conflicts in favor of the verdict, even if not explicitly stated in the record. *Id.*

## II. The State proved that Appellant was guilty of Failure to Identify.

Appellant was convicted of refusing to give his name to a peace officer while being lawfully detained. The offense of failure to identify is defined as follows: "A person commits an offense if he intentionally refuses to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information." Tex. Penal Code § 38.02(a). An offense under this section is a Class C misdemeanor. Tex. Penal Code § 38.02(c)(1).

### A. Appellant was lawfully detained

The Fourth Amendment of the United States Constitution protects individuals from unreasonable seizures. U.S. CONST. amend.

IV.  When police officers signal that a driver should stop a moving vehicle and, in response, the driver actually stops the vehicle, the driver has been seized under the Fourth Amendment. *See e.g., Arizona v. Johnson*, 555 U.S. 323, 327 (2009). The seizure continues for the duration of the traffic stop and terminates when the police tell the driver he is free to leave. *Id.* A traffic stop is reasonable when there is reasonable suspicion to believe a traffic violation has occurred. *Navarette v. California*, 134 S.Ct. 1683, 1687 (2014). A traffic stop results in a "detention" of all individuals in the vehicle. *Johnson*, 555 U.S. at 327.

Appellant does not argue that the detention was unreasonable, but merely that there was no detention. App. Br. 11. Officer Manrique observed Appellant commit traffic violations and she stopped the vehicle he was driving. 9 RR 64. Because Officer Manrique had an objectively reasonable basis for making the traffic stop, Appellant was lawfully detained at the inception of the stop. *See Whren v. United States*, 517 U.S. 806, 809-10 (1996); *Overshown v. State*, 329 S.W.3d 201, 207 (Tex. App.—Houston [14th Dist.] 2010) (finding that "lawful detention" in the context of a failure to identify

case extends to vehicle passengers).  Appellant gave his initial refusal to identify at the beginning of the stop and thus, the stop was not unreasonably extended.  Appellant remained detained while backup officers arrived and again refused to give his name when questioned by Lieutenant Pehl.

There is sufficient evidence to find beyond a reasonable doubt that Appellant was lawfully detained when he refused to give Officer Manrique his name.

## B. Appellant intentionally refused to give his name

"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective to engage in the conduct or cause the result."  Tex. Penal Code §6.03(a).  It is well settled that intent is a question of fact to be determined by the trier of facts from all facts and circumstances in evidence.  *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex. Crim. App 1974).

Officer Manrique asked for Appellant's name when she first spoke with Appellant after the traffic stop. Appellant gave his first name only.  Appellant explained he was a sovereign citizen and

stated he would not give his last name as it was a family name. 9 RR 64-65. Further, Appellant would not provide the officer with any identification. Rather, Appellant gave Officer Manrique paperwork that explained why he was exempt from the laws of the State of Texas. Appellant further refused to give his name to backup officers Lieutenant Pehl and Sergeant Scott, even after being informed that by failing to do so he was in violation of the law. 9 RR 127. During the course of their interaction with Appellant, Officer Manrique, Lieutenant Pehl, and Sergeant Scott were never actually able to ascertain Appellant's full name. The officers identified Appellant only after discovering identifying paperwork in Appellant's vehicle post-arrest. 9 RR 82.

Appellant placed a homemade license plate on his car and made it impossible for police to identify him. Appellant created fake vehicle registration tags, further hiding his identity from authorities. Appellant refused to give a full name to Officer Manrique and refused to carry identification. Appellant refused to give Lieutenant Pehl and Sergeant Scott his name when asked during their interaction with him. Appellant stated he was a sovereign citizen and carried

11

paperwork stating he was not subject to the law. Appellant was wholly uncooperative with any state investigation. Appellant's identification as a sovereign citizen and related actions speak to his purpose in obfuscating his identity and obstructing state laws.

The totality of the circumstances support the Court's finding beyond a reasonable that refusal to give his name was intentional. This issue should be overruled.

Appellant was properly sentanced within the applicable range of punishment.

## I. Standard of review

A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). A defendant may obtain relief from an unauthorized sentence on direct appeal. *Id.* Nothing in Texas law prevents a court with jurisdiction over a criminal case from noticing and correcting an illegal sentence, "no matter when or how the relief was sought". *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006).

## II. Appellant was properly sentenced on all Class C convictions

Appellant was convicted of the Class C misdemeanors of Failure to Identify, Failure to Maintain Financial Responsibility, and No Inspection. "An individual adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $500." Tex. Penal Code

§12.23. Appellant was sentenced to a \$250 fine in each case and given credit for the fine. 11 RR 7-8. Appellant acknowledges that he was properly sentenced on the record, but complains that the Court entered a handwritten sentence for jail time, in error, after the fact. App. Br. 14.

The failure of the trial court to properly record what is reflected in the judgment is an error of a clerical nature. *See Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas, 1991). Where a judgment and sentence improperly reflects the findings of the court, the proper remedy is reformation of the judgment. *Id.* at 529. Appellate courts can reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record and may act *sua sponte* in doing so. *Id.* at 529-530; Tex. R. App. P. 23. Appellate courts have frequently reformed judgments to correct improper recitations or omissions relating to punishment by deleting the finding. *Id.* at 530.

As Appellant was properly sentenced but subject to a clerical error outside the record, Appellant's issues two, three, and four

14

should be remedied by reforming the trial court's judgment to reflect

the proper punishment assessed by the court.

## Prayer

The State prays that this Court will affirm Appellant's conviction and sentence.

Respectfully submitted,

**Greg Willis**
County Attorney *Pro Tem*
Hunt County, Texas

/s/ Claire D. Miranda
**Claire D. Miranda**
Special Prosecutor
Asst. Criminal District Attorney
2100 Bloomdale Rd., Suite 200
McKinney, TX 75071
State Bar No. 24037121
(972) 548-4331
FAX (214) 491-4860
cmiranda@co.collin.tx.us

## Certificate of Service

The State has e-served counsel for Appellant, the Honorable Jason Duff, through the eFileTexas.gov filing system and sent a courtesy copy by e-mail to jasonaduff@gmail.com on this, the 16th day of March 2015.

/s/ Claire D. Miranda
Assistant Criminal District Attorney

## Certificate of Compliance

This brief complies with the word limitations in Texas Rule of Appellate Procedure 9.4(i)(2). In reliance on the word count of the computer program used to prepare this brief, the undersigned attorney certifies that this brief contains 2,157 words, exclusive of the sections of the brief exempted by Rule 9.4(i)(1).

/s/ Claire D. Miranda
Assistant Criminal District Attorney