# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### No. 09-17-00202-CR
_____


### CHRISTOPHER RYAN HATTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 9th District Court
### Montgomery County, Texas
### Trial Cause No. 16-01-00068-CR

---

### MEMORANDUM OPINION

Christopher Ryan Hatton appeals from a jury's verdict that resulted in his conviction for committing an aggravated assault against a public servant.[1] Hatton presents three issues for our consideration in his appeal. In his first two issues,

---

[1] *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011) (defining the elements for the crime of aggravated assault), § 22.02(b)(2) (West 2011) (elevating aggravated assault a first-degree felony when the person assaulted is known by the defendant to be a public servant discharging his or her official duties).

1

Hatton argues the trial court erred by denying his motion for continuance and by denying the request he made to the trial court asking that it instruct the jury on the lesser-included offense of misdemeanor deadly conduct.[2] In a third issue, Hatton argues the evidence cannot support the jury's decision convicting him of committing the aggravated assault. We overrule Hatton's issues and affirm the judgment.

## Background

One night in January 2016, Tyson Sutton, a patrol officer with the Conroe Police Department, saw someone driving an SUV without a front license plate. Officer Sutton used the equipment on his patrol car to signal the SUV's driver to stop. The officer followed the SUV into a parking lot, where the individual stopped. The man driving the SUV got out and fled into the woods nearby. While Officer Sutton and another officer chased the man on foot, they lost track of him in the woods.

Officer Gregory Vradenburg heard over his police radio that Officer Sutton was chasing a man on foot. Officer Vradenburg drove to the area being searched. Shortly after he arrived, he saw a man that matched the description of the man the police chased into the woods.

---

[2] *See id.* § 22.05(a) (West 2011).

According to Officer Vradenburg, upon spotting Hatton, he identified himself as a police officer and ordered Hatton to stop. Hatton responded by fleeing, and Officer Vradenburg followed on foot. A short time later, Hatton tripped and fell. Officer Vradenburg came upon Hatton, while he was lying on the ground, and he put his foot on Hatton's back to keep him down. Next, the officer ordered Hatton to show his hands, but Hatton refused. In response, Officer Vradenburg threatened to shoot Hatton with his taser. At that point, Hatton rolled over onto his right side, and Officer Vradenburg noticed that Hatton had a handgun in his right hand. Hatton fired the gun over his left shoulder in Officer Vradenburg's general direction. Vradenburg discharged his taser but was not sure if he hit Hatton; the officer then turned and ran toward a nearby tree. Standing near the tree, Vradenburg noticed that Hatton was running away. A short time later, other officers at the scene caught and arrested Hatton.

## Denial of Motion to Continue

In his first issue, Hatton complains that the trial court erred by denying his motion to continue. According to the motion, filed two weeks before Hatton's trial, Hatton's attorney needed more time to review documents produced during discovery because she had not had time to do so, claiming she had been tied up with personal family issues. Also, the motion alleges that Hatton's attorney had not yet reviewed

3

documents produced in discovery or had an expert evaluate them because the attorney was ill. On the date Hatton's trial began, which was two weeks after the trial court denied Hatton's motion to continue, Hatton's attorney never complained that she still had not reviewed the discovery the State produced. In the brief Hatton filed to support his appeal, he claims the trial court's ruling on the motion to continue his case deprived his trial attorney of the ability to call any witnesses on his behalf during the guilt-innocence phase of his trial.

On appeal, we review rulings on motions for continuance using an abuse-of-discretion standard.[3] To establish that an abuse of discretion occurred, the defendant must establish that the ruling on the defendant's motion prejudiced the defendant's ability to present his defense.[4] According to the Court of Criminal Appeals, an abuse of discretion does not occur unless the record shows specifically how the denial of the motion harmed the defendant's ability to present his case at trial.[5]

Usually, the evidence that is necessary to establish that the trial court's denial of a motion to continue resulted in harm is presented in a hearing on a motion for

---

[3] *See Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007).

[4] *See Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

[5] *Id.* at 842.

new trial.[6] Yet, the record in Hatton's case reveals that Hatton never filed a motion for new trial. Thus, we cannot determine what witnesses Hatton might have called had the trial court granted his motion or what these witnesses might have said. On this record, we cannot conclude that the trial court's ruling on the motion is the reason that no witnesses were called on Hatton's behalf in the guilt-innocence phase of the trial.[7] We overrule Hatton's first issue.

Sufficiency of Evidence

We address issue three next, since reviewing the arguments Hatton advances in this issue serve to shorten the discussion needed to dispose of issue two. In issue three, Hatton argues the evidence before the jury is insufficient to support his conviction for committing an aggravated assault against a public servant. Under the language that is used in Hatton's indictment, the State needed to prove during Hatton's trial that (1) Hatton (2) intentionally or knowingly threatened Officer Vradenburg with imminent bodily injury (3) while using or exhibiting a deadly

---

[6] *Id*. at 842-43.

[7] *Id.*

5

weapon, a firearm, when committing the assault, and (4) that he knew Officer Vradenburg was a public servant acting to discharge his official duties.[8]

On appeal, Hatton argues the evidence before the jury failed to establish that he acted knowingly or intentionally when he discharged the gun. According to Hatton, the evidence the jury considered, at most, established that he acted recklessly. Given that Hatton's argument focuses on the *mens rea* required to prove he committed the aggravated assault, we focus our review on whether a reasonable jury could have concluded from the evidence that Hatton intentionally or knowingly threatened Officer Vradenburg with imminent bodily injury.

In reviewing the evidence the jury was asked to consider in Hatton's trial, we must decide "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[9] In a case tried to a jury, the jury decides which witnesses are credible and determines the weight to afford any testimony.[10] In

---

[8] *See* Tex. Penal Code Ann. § 22.01(a)(2) (West Supp. 2018), § 22.02(a)(2), (b)(2)(B) (West 2011), § 1.07(a)(17)(A) (West Supp. 2018).

[9] *Johnson v. State*, 364 S.W.3d 292, 293-94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[10] *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

deciding a defendant's guilt, the jury can consider both direct and circumstantial evidence as probative about whether the defendant committed the crime, as "'circumstantial evidence alone can be sufficient to establish guilt.'"[11] When a defendant's conviction rests on circumstantial evidence, the facts need not point directly to the defendant's guilt if the jury's conclusion is warranted by the combined and cumulative force of the incriminating circumstances.[12] Our task in reviewing whether the evidence supports the jury's verdict is to decide whether the inferences the jury made from the evidence were reasonable after viewing the evidence in the light most favorable to the verdict.[13] The jury's verdict will be affirmed unless a rational factfinder must have had reasonable doubt about an element the State needs to prove to establish that the defendant committed the crime.[14]

Hatton concedes that the evidence supports the inference that he recklessly discharged the gun, but he argues it is insufficient to show that he did so knowingly

---

[11] *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013) (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

[12] *Id.* (quoting *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)); *see also Hooper,* 214 S.W.3d at 13.

[13] *See Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017) (citing *Hooper*, 214 S.W.3d at 16-17).

[14] *See Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009).

or intentionally. Under Texas law, whether the defendant acted with the required mental state necessary to show that he acted knowingly or intentionally is a matter that is generally treated as a question of fact.[15] Whether the defendant acted with the requisite intent is a question that juries are generally required to infer from the evidence describing the circumstances of the crime, which includes evidence relevant to the defendant's actions, words, and conduct.[16] Hatton did not testify in his trial, so proving whether he acted intentionally or knowingly, as those terms are defined in the Penal Code,[17] was a matter the jury was required to infer from the circumstances showing why Hatton fired his gun.[18]

In our opinion, the circumstances that led up to Hatton's firing his gun allowed the jury to infer that he intentionally or knowingly pulled the gun's trigger. The testimony and exhibits in Hatton's trial show that just before Hatton fired, Officer Vradenburg threatened him with his taser. Hatton had also refused Officer

---

[15] *See Nisbett v. State*, 552 S.W.3d 244, 267 (Tex. Crim. App. 2018).

[16] *Id.*

[17] *See* Tex. Penal Code Ann. § 6.03(a), (b) (West 2011).

[18] In contrast, when the State is required to show the defendant acted recklessly, the evidence must show the defendant knew of a substantial and unjustifiable risk created by his conduct, which he then consciously disregarded. *Id.* § 6.03(c) (West 2011).

Vradenburg's command asking Hatton to show his hands. The transcript from the trial shows that Officer Vradenburg testified, without objection, that Hatton "pointed [the gun] right at me…pulled the trigger and got up and ran." Hatton's flight from police after firing his gun is additional circumstantial evidence that supports the conclusion that Hatton was not merely reckless in firing the gun.[19] Finally, the jury viewed a video recording, captured by a camera in Officer Vradenburg's patrol car and his body camera, and this evidence supports Officer Vradenburg's account of the circumstances surrounding Hatton's discharge of his weapon. From the cumulative weight of the direct and circumstantial evidence admitted in Hatton's trial, we hold the record contains enough evidence to support the jury's conclusion that Hatton acted intentionally or knowingly in firing his gun. We overrule Hatton's third issue.

Lesser-Included Offense—Misdemeanor Deadly Conduct

In his second issue, Hatton argues that the trial court abused its discretion by denying his request for an instruction on misdemeanor deadly conduct, which he

---

[19] *See Hemphill v. State*, 505 S.W.2d 560, 562-63 (Tex. Crim. App. 1974) (concluding that the evidence the defendant fled the scene after the shooting and sought to conceal himself from police were "circumstances to be considered along with the other evidence in determining [the defendant's] intent").

argues is a lesser-included offense of aggravated assault.[20] In its brief, the State concedes that deadly conduct is a lesser-included offense of aggravated assault by threat, as alleged in the indictment used in Hatton's case. Nevertheless, the State argues that the evidence before the jury about the circumstances in which Hatton fired his gun would not have allowed the jury to infer that he was guilty only of the crime of misdemeanor deadly conduct. According to the State, because the evidence did not support submitting an instruction on misdemeanor deadly conduct, the trial court did not err by refusing Hatton's instruction on the lesser-included offense.

On appeal, we must affirm the trial court's ruling if the ruling is correct under any theory of law.[21] Determining whether a defendant is entitled to have the jury instructed on a lesser-included offense required the trial court to engage in a two-step process.[22] Step one required the trial court to determine if proof of the requested lesser-included offense "'is included within the proof necessary to establish the

---

[20] *See* Tex. Penal Code Ann. § 22.05(a).

[21] *Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016) ("An appellate court should affirm a trial court's ruling so long as it is correct under any theory of law applicable to the case, even if the trial court did not rely on that theory.").

[22] *See Safian v. State*, 543 S.W.3d 216, 219-20 (Tex. Crim. App. 2018).

10

offense charged.'"[23] Step two required the trial court to determine whether there is some evidence in the record that would allow the jury "to rationally find that, if the defendant is guilty, he is guilty *only* of the lesser-included offense."[24]

To establish the trial court erred, Hatton must show the jury could have rationally returned a verdict finding him guilty only of misdemeanor deadly conduct. A finding of misdemeanor deadly conduct would have required the jury to find that Hatton acted recklessly.[25] Hatton did not testify in his trial, so nothing in the record describes his thought process that led him to fire his gun. On the other hand, the circumstantial evidence in the record tends to show that Hatton made several conscious movements so that he could place himself into a position to fire his gun. The circumstantial evidence also shows that Hatton knew before Officer Vradenburg caught up with him that he was being chased by the police, and that Officer Vradenburg was a police officer. Hatton fired the gun after refusing Officer Vradenburg's command to show his hands, and he then positioned himself in a way

---

[23] *Id.* (quoting *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)); *see also* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006) (listing four elements to consider in determining whether an offense is a lesser-included offense of another crime).

[24] *See Safian*, 543 S.W.3d at 220 (emphasis added).

[25] *See Rice*, 333 S.W.3d at 145.

that allowed him to use his right hand to fire his gun. Under the circumstances, we conclude that no rational jury could have returned a verdict finding that Hatton fired the gun recklessly.

We conclude the trial court did not err by denying Hatton's requested instruction on misdemeanor deadly conduct.[26] We overrule Hatton's second issue.

## Conclusion

Having overruled Hatton's issues, the trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 13, 2018
Opinion Delivered February 6, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[26] *Cavazos v. State,* 382 S.W.3d 377, 385 (Tex. Crim. App. 2012) (explaining that under the second step of the analysis the evidence relevant to the lesser-included offense "must rise to a level that a rational jury could find that if [the defendant] is guilty, he is guilty only of the lesser-included offense" and that "[m]eeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense").